**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERALD LESTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNKNOWN,<br><br>　　　　Defendant. | No. 2:21-CV-0702-WBS-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege
2  with at least some degree of particularity overt acts by specific defendants which support the
3  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
4  impossible for the Court to conduct the screening required by law when the allegations are vague
5  and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

According to Plaintiff's complaint, Plaintiff is bringing suit against: (1) all California Attorneys General; (2) all California District Attorneys; (3) all Superior Court Judges who "took jurisdiction over illegal felony complaints made by prosecutors. . .from 1951 to 2020" in California's 58 counties; and (4) the California Department of Corrections and Rehabilitation (CDCR). See ECF No. 1, pg. 1. Plaintiff does not claim a location where the events giving rise to the complaint took place.  According to Plaintiff, this lawsuit "is a felony complaint under 18 U.S.C. Sec. 4. . . ." Id.

Plaintiff alleges he is a "victim of the conspiracy between the prosecutors and the Superior Courts in California that has been going on since at least 1951." Id. Plaintiff claims over 100,000 inmates "started with a[n] illegal felony complaint instead of a grand jury indictment and then was held in prison for years behind another fraudulent piece of paper." Id. at 5. According to the complaint, Plaintiff's detainment is due to a fraudulent felony complaint that is in violation of Title 18 U.S.C. § 4. Id. at 6. As a result, Plaintiff states he is "a victim and a witness for this felony complaint" and his detainment is sustained by a "fraudulent abstract of judgment." Id. Plaintiff claims that CDCR - acting under an abstract judgment and absent a written judgment in CDCR's files - has no authority to hold inmates. Id. at 1. Plaintiff alleges that prosecutors filed cases and held trials without victims or witnesses to the crimes. Id. According to Plaintiff, these prosecutors convicted without grand jury indictments and committed fraud under California Penal Code 115(A). Id. at 1-2. Plaintiff claims the Superior Court Judges presiding over these cases took jurisdiction over illegal felony complaints and, in doing so, committed treason. Id. at 1. Plaintiff further alleges that the prisoners CDCR released because of COVID-19 in August of

2020 were part of a conspiracy that they were illegally detained. Id. at 3. Plaintiff states that, under Governor Gavin Newsom's Executive Order from June 2020, the released inmates are entitled to compensation of $1,400 per day for each day of incarceration and detained inmates are entitled to $2,000 per day for continued, unlawful incarceration. Id. at 7. Plaintiff claims he is entitled to release because an abstract of judgment and an absence of a signed written judgment are evidence of this fraud. Id. at 4.

Attached to Plaintiff's complaint are several news articles, Plaintiff's letters demanding release, and CDCR's responses rejecting Plaintiff's demands. See id. Upon inspection, the news articles reporting on statements made by Governor Gavin Newsom and former CDCR Secretary Ralph Diaz are not from any verified news outlet, but from an unverified third-party source called "www.withoutoneplea.com." Id. at 10. Plaintiff also attaches a paragraph of "validation and verification" sent by G. Matteson, the warden at California State Prison – Solano.  See id.

## II. DISCUSSION

It is unclear from the complaint what the source of Plaintiff's injury is or who Plaintiff claims is liable. Plaintiff names large groups of unspecific individuals and no private individuals who are linked to an alleged constitutional violation. Additionally, the statute Plaintiff brings this action under is not available as a source for a private cause of action, thus Plaintiff fails to state a claim under 42 U.S.C. § 1983.

### A. Causal link

Plaintiff brings suit against all California Attorneys General, District Attorneys, and Superior Court Judges for allegedly detaining prisoners under fraudulent authority. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally

1  required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588
2  F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of
3  official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673
4  F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each
5  individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy,
6  844 F.2d 628, 634 (9th Cir. 1988).

7      Plaintiff vaguely concludes classes of officials are in violation of Title 18 U.S.C.
8  § 4 for misprision of a felony under the belief that these officials hold fraudulent abstracts of
9  judgment for over a hundred thousand prisoners. Plaintiff does not allege a constitutional source
10 of his injury or any private individuals who deprived Plaintiff of his constitutional rights. Without
11 a causal link to a specific defendant or specific act, Plaintiff fails to state a cognizable complaint.

12     **B.**    **Private Right of Action Under 18 U.S.C. § 4**

13     In this case, Plaintiff cannot bring a private cause of action under 18 U.S.C. § 4.
14 Plaintiff is barred from bringing this action because "the statute contains no express provision
15 permitting a civil litigant to initiate a lawsuit." Massad v. Greaves, 554 F. Supp. 2d 163, 167
16 (2008). The decision whether to prosecute under 18 U.S.C. § 4 generally rests with the
17 prosecutor. See Shahin v. Darling, 606 F. Supp. 2d 525, 538 (D. Del.), aff'd, 350 F. App'x 605 (3d
18 Cir. 2009).
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that Plaintiff's complaint be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 14, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE